UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| CARLTON CARL LOVE, | ) | CASE NO. 1:11 CV 1603 |
| (#31821-160) | ) | |
| | ) | |
| Petitioner, | ) | JUDGE JAMES S. GWIN |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

*Pro se* petitioner Carlton Carl Love filed the above-caption Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. §2241. Petitioner is an inmate confined to the Allenwood Federal Correctional Institute (F.C.I. Allenwood") in White Deer, Pennsylvania. He challenges the Bureau of Prisons' (BOP) refusal to grant federal sentence credit for time he spent serving a sentence in the State of Ohio.

*Background*

Petitioner was indicted in this Court on January 6, 2004 and charged with illegal reentry following deportation in violation of 8 U.S.C. §1326(1). *See United States v. Love*, No. 1:04cr 0005 (N.D. Ohio 2002)(Gwin, J.) Two days later, this Court issued a warrant for his arrest.

*Id.* (Doc. No. 3).

Four years after the indictment was filed, Petitioner was arraigned before this Court on June 11, 2008. He entered a not guilty plea and was ordered detained. On March 26, 2009, he changed his plea to guilty and entered into an agreement with the government. On June 2, 2009, this Court sentenced him to 87 months imprisonment, "with credit for time served."

In a letter to this Court, dated August 17, 2010, Petitioner referenced his criminal case number to request credit against his federal sentence. *Id.* (Doc. No. 31). This Court construed the letter as a Motion for Sentence Credit, which it denied without prejudice on September 29, 2010 for failure to exhaust administrative remedies. *Id.* (Doc. No. 33).

Petitioner then pursued his administrative remedies through the BOP. Attached to his Petition before this Court is a copy of his final appeal to Harrell Watts, National Inmate Appeals Administrator. (Pet.'s Appx. C). Mr. Watts denied Petitioner's appeal on May 25, 2011 wherein he requested additional custody credit pursuant to 18 U.S.C. § 3585(b). He noted that the State of Ohio sentenced Petitioner to 5 years in prison on November 19, 2003. *Id*. Petitioner was then paroled from that sentence on June 10, 2008. *Id.* The federal court exclusively detained Petitioner from June 11, 2008 until his federal sentence was imposed on June 2, 2009. Mr. Watts explained that because Petitioner's state sentence expired before his federal sentence commenced, the BOP could not award credit against his federal sentence pursuant to §3585. Petitioner's scheduled release date from federal prison is October 5, 2014. *See* http://www.bop.gov/iloc2/.

*Analysis*

Petitioner maintains he is being held beyond the 87 months prison sentence imposed

by this Court. He believes his federal sentence included credit for time he served in State prison. As such, he maintains he has fully served his federal prison term.

Petitioner asserts the BOP does not understand that a district court may provide sentence credit against a prisoner's term for time served since an arrest. Here, he maintains that because he was arrested on June 15, 2003, his federal sentence should be credited from that date forward. Citing an unreported Sixth Circuit case, "*United States v. Roark*, [403 Fed.Appx. 1, 2010 WL 3724602] 2010 U.S. App. LEXIS 192609 (6th Cir. 2010)," along with a reported Seventh Circuit Court of Appeals decision, "*United States v. Staples*, 202 F.3d 992, 997 (7th Cir. 2000),"[1] Petitioner claims this Court intended to sentence him to 'some time' in prison, but also wanted to account for the fact that he was already incarcerated by the State at the time of his federal offense. Under this scenario, Petitioner argues this Court credited his federal sentence to account for the prior period of time the he was in State prison.

Petitioner acknowledges that it is within the sole discretion of the BOP to authorize credit against a prisoner's sentence pursuant to 18 U.S.C. § 3585(b). He argues, however, that this Court granted him credit under United States Sentencing Guideline section 5G1.3(c). Petitioner asserts this Court had authority under section 5G1.3(c) to impose a sentence which accounted for time he spent in prison prior to the imposition of his federal sentence. Citing *Ruggiano v. Reish*, 307 F.3d 121 (3rd Cir. 2002), he notes that courts have been cautioned to explicitly characterize such an adjustment as a "downward departure" rather than a "credit" to avoid confusion with § 3585. As such, he claims all interested parties in his case agreed and understood at sentencing that this

---

[1] These cases are clearly inapposite to Petitioner's claims. Both were direct appeals and were raised as challenges to the district court's calculation of the defendants' criminal history score pursuant to Sentencing Guideline § 4A1.2(c)(1), which is not at issue in this case.

Court intended to credit Petitioner's sentence for time he served in jail in Ohio.

*28 U.S.C. §2241*

Claims asserted by federal prisoners seeking to challenge their convictions or the imposition of their sentences shall be filed in the sentencing court under 28 U.S.C. § 2255. *See Cohen v. United States*, 593 F.2d 766, 770 (6th Cir.1979). Where a prisoner seeks to challenge the execution or manner in which his sentence is served, it shall be filed in the court having jurisdiction over the prisoner's custodian under 28 U.S.C. § 2241. *See Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998)(citing *United States v. Jalili*, 925 F.2d 889, 893 (6th Cir. 1991)).

Here, Petitioner claims that the sentence imposed by this Court has expired. He acknowledges that the BOP is authorized to provide credit pursuant to 42 U.S.C. § 3585, but notes that his Petition addresses the sentence this Court originally imposed. Thus, it is an attack on the validity of his sentence. This is a claim that must be brought through a § 2255 claim. To the extent Petitioner believes he is entitled to an exception provided by § 2255, however, he has failed to state a claim.

*Jurisdiction*

Federal courts are always "under an independent obligation to examine their own jurisdiction," *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231(1990) and a federal court may not entertain an action over which it has no jurisdiction. *See Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 701 (1982). As noted above, a petition filed pursuant to 28 U.S.C. §2241 is generally filed in the district of the petitioner's confinement so that the court may exercise personal jurisdiction over the petitioner's immediate custodian. *See Rumsfeld*

*v. Padilla*, 542 U.S. 426, 447 (2004) ("Whenever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement."). The warden at USP Allenwood, is Petitioner's current custodian and the proper respondent in this § 2241 action. *See* 28 U.S.C. § 2242 (application for writ of habeas corpus shall "name the person who has custody over him.") In accordance with the immediate custodian rule, the Middle District of Pennsylvania is a proper forum for this action. As such, this Court cannot exercise personal jurisdiction over Petitioner's custodian, as he is not within the Court's territorial jurisdiction.

Under the provisions of 28 U.S.C. § 1404(a), "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Although this case could be transferred to the Middle District Court of Pennsylvania, most of section 1404(a)'s criteria-convenience of the parties and witnesses and the interest of justice-suggest this case would be better served here, in an Ohio forum. Moreover, before immediately transferring a case, a district court is authorized to take a " 'peek at the merits' to avoid raising false hopes and wasting judicial resources that would result from transferring a case which is clearly doomed."*Haugh v. Booker*, 210 F.3d 1147, 1150 (10th Cir.2000).

Although Petitioner is physically present in Pennsylvania, nothing in his Petition will require an evidentiary hearing. Therefore, any expense and risk of transporting him here, would be outweighed by the difficulties of transporting records and witnesses from this Court to Pennsylvania, where he is confined. If necessary, it would be far more convenient for any Ohio defendants to respond to this action in Ohio. And, finally, as the sentencing Court, this Court is much more

familiar with the sentencing questions Petitioner raises in his present Petition. While the Court will not construe the Petition as a Motion to Vacate pursuant to 28 U.S.C. § 2255, *see In re Shelton*, 295 F.3d 620, 622 (6th Cir.2002),[2] it is a matter which "might have been brought" in this jurisdiction.

*Safety Valve Provision*

Under Title 28, section 2255 of the United States Code, a federal prisoner may bring a § 2241 claim challenging his conviction or imposition of sentence, if it appears that the remedy afforded under § 2255 is "inadequate or ineffective to test the legality of his detention." *United States v. Hayman*, 342 U.S. 205, 223 (1952); *In re Hanserd*, 123 F.3d 922, 929 (6th Cir.1997). Section 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision. *See e.g., Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir.1999) (per curiam). Further, the § 2255 remedy is not considered inadequate or ineffective, simply because § 2255 relief has already been denied, *see In re Dorsainvil*, 119 F.3d 245, 251 (3d Cir.1997), *Tripati v. Henman*, 843 F.2d 1160, 1162 (9th Cir.), *cert. denied*, 488 U.S. 982 (1988), or because the petitioner is procedurally barred from pursuing relief under § 2255, *see In re Vial*, 115 F.3d 1192, 1194 n. 5 (4th

---

[2]The Sixth Circuit held that, with regard to *pro se* litigants in particular:

> 'district courts should not recharacterize a motion purportedly made under some other rule as a motion made under § 2255 unless (a) the movant, with knowledge of the potential adverse consequences of such recharacterization, agrees to have the motion so recharacterized, or (b) the court finds that, notwithstanding its designation, the motion should be considered as made under § 2255 because of the nature of the relief sought, and offers the movant the opportunity to withdraw the motion rather than have it so recharacterized.' Unless such a warning is provided, a re-characterized § 2255 motion must not be counted against the prisoner for purposes of the bar on successive motions.

*Shelton*, 295 F.3d at 622(citing *Adams v. United States*, 155 F.3d 582, 584 (2nd Cir.1998)).

Cir.1997); *Garris v. Lindsay*, 794 F.2d 722, 726-27 (D.C.Cir.) (per curiam), *cert. denied*, 479 U.S. 993 (1986), or because the petitioner has been denied permission to file a second or successive motion to vacate. *See In re Davenport*, 147 F.3d 605, 608 (7th Cir.1998).

Petitioner never argues that his remedy under §2255 is either inadequate or ineffective. Instead, he simply claims the BOP has misinterpreted the sentence this Court imposed. His argument, however, does not succeed.

Petitioner attaches a copy of this Court's September 29, 2010 Order dismissing, as unexhausted, his August 3, 2010 petition. The copy he provides, however, omits the narrative in the Order's footnote. The footnote was to this Court's decision to dismiss the petition as unexhausted, and states:

> In addition, Section 5G1.3 of the U.S. Sentencing Guidelines presumes that sentencing shall run consecutive to previous, undischarged terms of imprisonment. U.S.S.G. §5G1.3. Nothing in this Court's sentencing judgment shows a departure from this presumption, or gives any other indication that Love should serve his federal sentence concurrent to his state sentence.

*Love*, No. 1:04cr005 (Doc. No. 33). This clearly demonstrates that this Court did not intend to provide any credit from Petitioner's State sentence to his federal sentence. Even Petitioner's reliance on *Ruggiano* is misplaced, as that case was superseded in 2003 to clarify that subsection (c) of §5G1.3 does not authorize any sentence adjustment unless the court grants a downward departure. *See* U.S.S.G. § 5G1.3 app. note 3(E). This Court did not grant such a departure. The only "time served credit" this Court could provide was from the date Petitioner was in exclusive federal custody: from June 11, 2008 until his federal sentence was imposed on June 2, 2009.

There is no basis upon which this Court can grant Petitioner § 2255's safety valve relief to

challenge his sentence through a § 2241 petition. There is no valid claim that the BOP is improperly executing the sentence imposed by this Court. Finally, Petitioner has not demonstrated that his §2255 remedy to attack the sentence imposed by this Court is inadequate or ineffective.

## *Conclusion*

Based on the foregoing, the Petition is dismissed pursuant to 28 U.S.C. § 2243. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.


Dated: October 31, 2011 *s/ James S. Gwin*
JAMES S. GWIN
UNITED STATES DISTRICT JUDGE